UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROWE PLASTIC SURGERY OF
LONG ISLAND, P.C., *et al.*,

                Plaintiffs,

    -against-

AETNA HEALTH AND LIFE INSURANCE
COMPANY, *et al.*

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
2:22-CV-7176 (OEM) (AYS)

**ORELIA E. MERCHANT, United States District Judge:**

Before the Court is plaintiffs Rowe Plastic Surgery of Long Island, P.C. and East Coast Plastic Surgery, P.C.'s (together, "Plaintiffs") appeal of Magistrate Judge Shields' July 25, 2024 sanctions order (the "Sanctions Order") imposing sanctions "in the amount of $1,000.00 in attorney's fees plus the cost of the court reporters incurred for [] cancelled depositions" noticed by defendant Aetna Life Insurance Company ("Aetna"). *Id.* For the following reasons Plaintiff's appeal is denied.

## BACKGROUND

The Court assumes familiarity with the facts underlying this litigation and thus recites only the bare facts required to resolve the motion, which are otherwise fully laid out in Aetna's response to the appeal, ECF 58 ("Aetna Response"). At its most basic, the Sanctions Order was a product of a discovery dispute between the parties.

On June 13, 2023, Aetna noticed depositions of Drs. Pierce and Schneider (together the "Physicians"). *See* Aetna Response at 1-5. The Physicians are two surgeons (and now counter defendants) employed by Plaintiffs who rendered the subject surgery that is at the heart of this reimbursement dispute. *See id.* After an unsuccessful initial attempt at a deposing the Physicians

1

on June 21, 2023, and subsequent back and forth, Aetna stated that it would expect the physicians to appear on June 30, 2023, which Plaintiffs' counsel acknowledged. *Id.* Yet, the Physicians failed to appear on June 30, 2023, at which point Plaintiffs' counsel informed Aetna, for the first time, that the Physicians were actually on "vacation," and proffered an entirely different witness physician that Aetna was not prepared to depose. *Id.* Aetna moved that same day, June 30, 2023, requesting that the Court order the following relief: (1) to compel production of the Physicians for deposition, (2) to be reimbursed for the costs for cancelling the deposition; and (3) that appropriate sanctions be imposed against Plaintiffs, including payment of Aetna's related attorneys' fees, ECF 19 ("Aetna Discovery Letter"). *See* Aetna Response at 1-5.

Judge Cogan, the then-presiding district judge, issued a same-day docket order declining to rule on the letter as procedurally improper but also warning the parties of potential future sanctions. Subsequently, the case was reassigned to the undersigned as well as a magistrate judge, Magistrate Judge Shields. On July 10, 2023, Magistrate Judge Shields issued an order converting the Aetna Discovery Letter into a motion to compel and ordered Plaintiffs either to respond to Aetna's motion to compel by July 14, 2023 or schedule the depositions and inform the Court of the same. *See id.* (the "July 10 Order").

After Plaintiffs failed to respond on the docket by July 14, 2023, Magistrate Judge Shields issued a scheduling order on July 25, 2023, that also included the following sanctions:

> By Order dated July 14, 2023, this Court directed counsel for Drs. Lisa Schneider and Charles Pierce to respond to Defendant's motion to compel by July 14, 2023. No such response was filed. Accordingly, Defendant's motion is granted without opposition. Sanctions are imposed against Plaintiff - who employs Drs. Schneider and Pierce - and its counsel - who has held itself out as representing Drs. Schneider and Pierce throughout this litigation - in the amount of $1,000.00 in attorney's fees plus the cost of the court reporters incurred for the cancelled depositions on June 30, 2023. Such sanctions shall be paid within two (2) weeks of the date of this Order. Plaintiff is directed to produce Drs. Schneider and Pierce for depositions by

2

    September 29, 2023. Failure to produce Drs. Schneider and Pierce for depositions
    will result in the imposition of further sanctions.

Sanctions Order.

  Subsequently, Plaintiffs sought reconsideration from Magistrate Judge Shields, which was denied, and filed an appeal in the Second Circuit Court of Appeals, which was dismissed. *See* ECF 20 (Plaintiffs' Letter dated July 25, 2023); ECF 26 (First Motion for Reconsideration); ECF 26 (Notice of Appeal dated August 7, 2023); Order dated August 15, 2023 (denying reconsideration as to sanctions); ECF 37 (Second Circuit Mandate dismissing appeal); Aetna Response at 6-7.

  Now, for the first time, approximately 255 days after the issuance of the Sanctions Order, Plaintiffs seek review by the district judge. *See* April 5, 2024 Letter Motion Appealing Magistrate's Sanction Order, ECF 57, ("Pls' App.").

## LEGAL STANDARD

  Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may object to a magistrate judge's order relating to a non-dispositive pretrial matter within 14 days of being served with a copy of that order. A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this highly deferential standard of review, a district court may reverse the order only if "on the entire evidence," the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001).

## DISCUSSION

  While a "district judge in the case must consider *timely* objections" under Rule 72(a), nothing in the text of the Rule requires a district court to entertain untimely objections made outside of the 14-day period. *See id.* In fact, Rule 72(a) states that "[a] party may not assign as error a

3

defect in the order not timely objected to." *Id.* Plaintiffs argue that their appeal should be considered timely due to Plaintiffs' "belie[f]" that the appeal was "made in good faith and has merit." Pls' App at 1. To accept such a rationale would gut the purpose of the Rule 72(a)'s requirement of timely notice of objections, which helps ensure that parties act on errors that they view as clearly erroneous or contrary to law and avoids prolonged litigation of non-dispositive disputes. *See Mestecky v. New York City Dep't of Educ.*, No. 13CV4302(CBA)(VMS), 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016) ("These provisions clearly reflect the policy that litigation not be unduly delayed in the magistrate judges' courts.") (dismissing motion as untimely); Fed. R. Civ. P. 72 , 1983 Advisory Committee Notes ("The rule fixes a [14]-day period in order to avoid uncertainty and provide uniformity . . . "). To the extent that Plaintiffs believe that Court has the authority to excuse an untimely party from Rule 72(a)'s 14-day objection period, they have provided no authority, much less substantive argument showing that entitlement to such excusal. The Court sees no reason why it should entertain an appeal at this late juncture in the litigation.

## CONCLUSION

The Court finds that Plaintiffs' objections are untimely. Accordingly, Plaintiffs' appeal requesting reversal of the Sanctions Order is denied.

**SO ORDERED.**

/s/ Orelia E. Merchant<br>
ORELIA E. MERCHANT<br>
United States District Judge

April 23, 2024
Brooklyn, New York